UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF GARDEN CITY,

    Plaintiff,

                                                              Civil No. 04-73743
                                                              Hon. John Feikens

    v.

CITY OF DETROIT,

    Defendant.

_____/

**OPINION AND ORDER**

On May 23, 2005, Plaintiff moved for reconsideration of my dismissal order of May 9, 2005, which noted that Plaintiff had failed to prosecute the case at all for more than six months. Plaintiff requests that this Court reconsider and instead dismiss the case without prejudice, arguing that Plaintiff should have been given warning of my action and Defendant was not prejudiced.

I believe Defendant was prejudiced by the failure to prosecute – for instance, Defendant might have wished to move for an involuntary dismissal with prejudice under Fed. R. Civ. P. 41(b), had Plaintiff had followed the same course of conduct with the exception of serving the Complaint. Serving the complaint is a mandatory duty of Plaintiff's under Federal Rule of Civil Procedure 4(c)(1). ("A summons *shall* be served together with a copy of the complaint. The plaintiff is responsible for service of the summons and complaint [...]. " (emphasis added.))

Plaintiff is correct, however, in asserting that this Court did not give notice to the

Plaintiff prior to dismissing its case with prejudice, which is normally done.[1]  Whether or not notice is required, certainly this Court's order of May 9, 2005 put Plaintiff on notice.

As a final note, the conduct of this case provides yet another example of the need for communities in Southeast Michigan and the Detroit Water and Sewerage Department to attempt to voluntarily solve their disputes before filing litigation.  I think the failure to prosecute this case demonstrates that Plaintiff also recognizes the value of negotiation over litigation.  On May 5, 2003, I noted the Southeast Michigan Consortium for Water Quality operates "as an integral means in assisting the Court in the solution of regional water quality problems." United States v. Michigan, 261 F.Supp.2d 906.  This dispute is precisely the sort of problem the Consortium has made excellent progress in resolving through cooperation.

The motion for reconsideration is GRANTED.  This case is DISMISSED without prejudice to Plaintiff's right, upon a showing of good cause, to move for reinstatement of the action within 30 days of the date of this Order.  Failure to timely seek reinstatement as provided

---

[1] Although whether notice is given of the potential dismissal is one of the factors the Sixth Circuit considers in these situations, those factors are merely guideposts for the overall "abuse of discretion" analysis; they are not required "elements." Muncy v. G.C.R., Inc., 110 Fed.Appx. 552, 2004 WL 2030304 (6th Cir. 2004).  Dismissal with prejudice is justifiable in any case in which "there is a clear record of delay or contumacious conduct on the part of the plaintiff." Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 591 (6th Cir.2001).  I believe six months of no activity whatsoever in a case qualifies as a clear record of delay.

herein will result in the conversion of this dismissal to one with prejudice.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　_/s/ John Feikens_____
　　　　　　　　　　　　　　　　　　　　John Feikens
　　　　　　　　　　　　　　　　　　　　United States District Judge

Date:　　June 6, 2005　　

> PROOF OF SERVICE
>
> I hereby certify that a copy of the foregoing Order was served on the attorneys and/or parties of record on June 7, 2005, by electronic means or first class U.S. Mail.
>
> 　　　　　　　　s/Carol Cohron　　　　
> 　　　　　　　　Case Manager
> 　　　　　　　　Honorable John Feikens